HARTINGTON NATIONAL BANK, APPELLEE, v. L. L. GILES, APPELLANT.

FILED SEPTEMBER 26, 1913. No. 17,327.

1. Appeal: EXCLUSION OF EVIDENCE: HARMLESS ERROR. The exclusion of competent evidence at one stage of a trial is not prejudicially erroneous if the facts sought to be proved are subsequently established.

2. Bills and Notes: ACTION: DEFENSE OF NO CONSIDERATION. Under the facts stated in the opinion, *held* that the defense of no consideration was not established.

APPEAL from the district court for Cedar county: GUY T. GRAVES, JUDGE. *Affirmed.*

*H. E. Burkett,* for appellant.

*P. F. O'Gara,* contra.

LETTON, J.

Action on promissory note brought by the indorsee. The defense is that the note was given without consideration, and that the plaintiff is not a *bona fide* holder for value, but knew at the time it was purchased that there was no consideration given for its execution. It is also alleged that plaintiff bank is not the real party in interest. The note, which is for $32.10, is dated August 9, 1909. The cashier of the plaintiff bank testified that he purchased the note of one Turley on August 12, 1909, at a price that would net the bank 10 per cent. interest. It appears that the note was executed payable to one Turley, who was an agent for the Security Mutual Life Insurance Company, in payment for life insurance; that at the time it was made and delivered Mr. Kimball, the cashier of the plaintiff bank, was present and introduced Turley to Giles; that what is termed by insurance men a "binding receipt" for the note was given Giles, which stated that he was required to take and pass a medical examination before the policy would issue; and that Giles refused and neglected to present himself for such examination. Kimball had an agreement with Turley that he was to receive 20 per cent. of the proceeds for his introduction and assistance in procuring the insurance contract. The note was bought three days after its execution.

Defendant complains that the court excluded testimony offered by him to prove certain of the facts before related. Since the facts all came out eventually, no prejudicial error occurred by this exclusion.

We are of opinion that the defense of no consideration was not established. The note was given in consideration of a contract of insurance, conditioned, it is true, but none the less a contract, and no breach or failure had occurred at the time of the purchase. If there was a breach of the contract, it was made by Giles when he

refused to take the medical examination. The facts do not bring the case within the doctrine of the North Dakota case relied upon by defendant. *Bank v. Garceau,* 22 N. Dak. 576. In that case the defendant performed his duty under the contract, duly offered himself for examination, · and was rejected by the medical examiner, while in this case the default was wilfully made by the defendant.

The district court properly held no defense had been established, and its judgment is

AFFIRMED.

ROSE, FAWCETT and HAMER, JJ., not sitting.